UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bernard Scott, | ) | Civil Action No.: 4:17-cv-03036-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Freddie J. Davis and Toney Chavis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Bernard Scott, a state pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this action without prejudice.[1] *See* ECF Nos. 8 & 10.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff brings this § 1983 action against Defendants Freddie Davis (a police officer employed by the Darlington County Sheriff's Office) and Toney Chavis (the Darlington County Sheriff) challenging the validity of his arrest for two counts of grand larceny and one count of petit larceny. *See* ECF No. 1. Plaintiff attaches copies of the arrest warrants to his complaint, *see* ECF No. 1-1 at pp. 12–14, and he seeks monetary damages as well as declaratory and injunctive relief. *See* ECF No. 1 at pp. 9–10. The Magistrate Judge has construed Plaintiff's allegations as separate claims for false arrest and malicious prosecution. *See* R & R [ECF No. 8] at p. 3. The Magistrate Judge recommends summarily dismissing this action because: (1) based on his submissions, Plaintiff was arrested pursuant to facially valid warrants, and therefore his false arrest claim fails; (2) he has not shown the criminal proceedings have terminated in his favor, and therefore his malicious prosecution claim fails; (3) *Younger*[3] abstention applies to his request for injunctive relief; and (4) he cannot obtain release from custody in a § 1983 action. R & R at pp. 3–6. Plaintiff objects to the Magistrate Judge's

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

2

recommendations. *See* Pl.'s Objs. [ECF No. 10].

First, Plaintiff objects to the Magistrate Judge's interpretation of his claims. *See* Pl.'s Objs. at pp. 3–6. However, the Court agrees with the Magistrate Judge that the allegations in Plaintiff's complaint are correctly understood as § 1983 claims for false arrest and malicious prosecution because Plaintiff alleges that neither his arrest nor the warrants were supported by probable cause. *See Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017) ("A claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause." (citing *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181–82 (4th Cir. 1996))). Of course, these claims are in essence Fourth Amendment claims for unlawful seizure. *See Lambert v. Williams*, 223 F.3d 257, 260–63 (4th Cir. 2000) (explaining claims for false arrest and malicious prosecution brought under § 1983 are "grounded in the Fourth Amendment" and incorporate elements of the analogous common law torts (citing *Brooks*, 85 F.3d 178, 181–83)).[4]

Next, Plaintiff objects to the Magistrate Judge's conclusion regarding his malicious prosecution claim. *See* Pl.'s Objs. at p. 6; R & R at pp. 3–4. Plaintiff cites *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004), and *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 603–05 (6th Cir. 2007), but neither decision is relevant to his case. *Muhammad* held the favorable termination requirement of *Heck v. Humphrey*[5] does not categorically apply in all suits challenging prison disciplinary proceedings (which are not at issue here), *see* 540 U.S. at 754–55, while *Powers* held that *Heck*'s favorable-termination cannot be imposed when a § 1983 plaintiff's criminal proceedings have

---

[4] To the extent that Plaintiff argues his claims involve "the insufficient indicia of reliability by the alleged informant," *see* Pl.'s Objs. at pp. 3–6, the allegedly unreliable identification forms part of Plaintiff's false arrest and malicious prosecution claims. *See, e.g.*, *Torchinsky v. Siwinski*, 942 F.2d 257, 262–64 (4th Cir. 1991) (analyzing a probable cause claim involving "an allegedly unreliable identification").

[5] 512 U.S. 477 (1994).

3

ended and he is ineligible for habeas relief. 501 F.3d at 603–05. In any event, the Court agrees with the Magistrate Judge that Plaintiff fails to state a § 1983 malicious prosecution claim because he has not shown the criminal proceedings have terminated in his favor. *See Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) ("A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, ***and (3) criminal proceedings terminated in [the] plaintiff's favor***." (emphasis added) (internal quotation marks and citation omitted)).

Finally, Plaintiff objects to the Magistrate Judge's discussion regarding *Younger* abstention and conclusion that Plaintiff is inviting this Court to interfere with the state court criminal proceedings.[6] *See* Pl.'s Objs. at pp. 6–7; R & R at p. 4–5. Plaintiff asserts he is simply asking the Court "to prevent [the] state court from denying [him] due process constitutional rights which the state officials have violated with their facially deficient warrant." Pl.'s Objs. at p. 7. However, Plaintiff's assertion is simply a roundabout way of saying he does in fact want this federal Court to interfere with the current state criminal prosecution. The Court finds *Younger* abstention is appropriate because (1) Plaintiff is involved in ongoing state criminal proceedings (2) that implicate important state interests, and because (3) Plaintiff has an adequate opportunity to raise his federal claims in the state proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (addressing the appropriate grounds for *Younger*

---

[6] In response to the Magistrate Judge's conclusion that Plaintiff cannot use this § 1983 action to obtain release from custody, *see* R & R at p. 6, Plaintiff states he "is not asking for release from custody." *See* Pl.'s Objs. at p. 7.

4

abstention); *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (summarizing the three *Younger* criteria). By alleging that his arrest and warrants were invalid, Plaintiff is effectively asking this Court to intervene in a pending state criminal matter. *See, e.g.*, *Bradley v. Salisbury Police Dep't*, 2013 WL 6592489 (D. Md. Dec. 13, 2013) (summarily dismissing a case based on *Younger* abstention where the plaintiff was involved in ongoing state criminal proceedings), *aff'd*, 562 F. App'x 166 (4th Cir. 2014) ("[W]e affirm for the reasons stated by the district court."). Moreover, Plaintiff has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson*, 855 F.3d at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm.").

## **Conclusion**

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts the R & R [ECF No. 8], and **DISMISSES** this action *without prejudice and without issuance and service of process*.[7]

**IT IS SO ORDERED.**

Florence, South Carolina  
April 6, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[7] In the Court's view, Plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066 (4th Cir. 1993). The Court therefore declines to automatically give Plaintiff leave to amend.

5